UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---------------------------------------------x
IN RE FLEXTRONICS INTERNATIONAL,
LTD. SECURITIES LITIGATION,

THIS DOCUMENT RELATES TO: ALL
ACTIONS

Case No.: C-03-2102 PJH

CLASS ACTION

C-03-2104 PJH

E-Filing

## ORDER AND FINAL JUDGMENT

On the 27th day of October, 2004, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated July 21, 2004 (the "Stipulation of Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Amended Complaint now pending in this Court under the above caption, including the release of the Defendants and the other Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Amended Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired Flextronics International, Ltd. ("Flextronics") common stock during the period from and including January 18, 2001, through and including June 4, 2002 (the "Class Period"), except

those persons or entities excluded from the definition of the Class, as shown by the records of Flextronics's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation of Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased or otherwise acquired the Flextronics common stock during the period from and including January 18, 2001, through and including June 4, 2002. Excluded from the

Class are Defendants, any entities in which any Defendant has or had a controlling interest, the past or present officers and directors of Defendants, and members of the immediate families of such persons, each Individual Defendant's immediate family, and the legal representative, heirs, successors or assigns of any excluded party. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, this Court hereby finally certifies Lead Plaintiffs The Vieyra Family and Optimum Investment Advisors as Class Representatives.

5. Notice of the Pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation of Settlement. The Amended Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available

information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation of Settlement, as against the Defendants.

7. Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, means and includes any and all claims, causes of action, rights, demands, liabilities, and suits, including "Unknown Claims" as defined herein, that have been or could have been asserted on behalf of the Class by the Lead Plaintiffs, or any Class Members, against Defendants based upon, arising out of, or in any way relating both to: (1) any purchase or sale of Flextronics common stock by Lead Plaintiffs or any Class Member during the Class Period; and to (2) any fact, transaction, event, occurrence, act, failure to act, omission, misrepresentation, or other matter, alleged or otherwise referred to in the Action, including without limitation claims for common law fraud, negligent misrepresentation, negligence, conspiracy to commit fraud, aiding and abetting fraud, aiding and abetting negligent misrepresentation, and violations of the federal securities laws (the "Released Claims") against Defendants and their respective Related Parties as defined in the Stipulation of Settlement (the "Released Parties"). The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have

4

been asserted in the Action, or otherwise asserted, by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Defendants' Released Claims"). The Defendants' Released Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Neither this Order and Final Judgment, the Stipulation of Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal

5

or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation of Settlement; provided, however, that if this Stipulation of Settlement is approved by the Court, Defendants may refer to it to effectuate the release from liability granted them hereunder;

    (d)    construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

    (e)    construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Amended Complaint would not have exceeded the Gross Settlement Fund.

10.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Co-Lead Counsel and the Claims Administrator are directed to administer the Stipulation of Settlement in accordance with its terms and provisions.

11.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.    Plaintiffs' Counsel are hereby awarded 25% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $142,148.70 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among

Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $4.25 million in cash that is already on deposit, plus interest thereon and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over 270,331 copies of the Settlement Notice were disseminated to putative Class Members indicating that Plaintiffs' Co-Lead Counsel were moving for attorneys' fees in the amount of up to 25% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $142,148.70 and only three objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Co-Lead Counsel contained in the Settlement Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted for approximately two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

7

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel have submitted affidavits attesting to having devoted 3,449.85 hours on this case with a reported lodestar value of $1,122,821.25; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

14. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation of Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation of Settlement.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated: San Francisco, California
10/29, 2004

Honorable Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE

8

# Exhibit 1

Flextronics International, Ltd. Securities Litigation
Schedule of Excluded Parties

| Tab | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| 1 | Aalto, Linda | 7512 Springridge Road | Bainbridge Island | WA | 98110 |
| 2 | Buck, Gordon | 4100 Des Prez Court | Hernando Beach | FL | 34607 |
| 3 | EDB Investments Pte, Ltd. | 250 North Bridge Road | #20-03 Raffles City Tower | Singapore | |
| 4 | Enochs, Raymond Scott | 13439 NW Ford Rd | Gaston | OR | 97119 |
| 5 | Fischer, William E. | 1657 Aylesbury Way | Roseville | CA | 95747 |
| 6 | Kolding, Mathias & Catherine | 8850 Selly Road | Parker | CO | 80134 |
| 7 | Lee, Robin K. | 1625 Larimer Street | Denver | CO | 80202 |
| 8 | Mehalick, Joseph | 320 60th Avenue, P.O. Box 3424 | N. Myrtle Beach | SC | 29582 |
| 9 | Miller, Marilyn J. | 7230 Maplewood Drive | Indianapolis | IN | 46227 |
| 10 | Morin, Blaine R. | 11 Redcoat Lane | Sanford | ME | 04073 |
| 11 | Mosher, Phyllis Marlene | 1909 Harrison Street | Hollywood | FL | 33020 |
| 12 | Saperstein, Hortense | 2252 Riverbluff Parkway | Sarasota | FL | 34231 |
| 13 | Schubert, Thomas & Karen | 44784 Hunting Cross Dr. | Novi | MI | 48375 |
| 14 | Stainger, Barbara | 3716 Wayside | Columbia | MO | 65202 |
| 15 | Staiger, Marvin | 3716 Wayside | Columbia | MO | 65202 |
| 16 | Staiger, Barbara & Marvin | 3716 Wayside | Columbia | MO | 65202 |

DOCS\236710v1